IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY CRAMER, ) | |
| ) | Civil Action No. 06 - 876 |
| Plaintiff, ) | |
| ) | Judge Gary L. Lancaster / |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| LENNY TRINCLISTI; WARDEN JOHN ) | |
| WALTON; DEPUTY WARDEN MR. ) | |
| CONAR; BOARD OF COMMISSIONERS, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

Because the Plaintiff has failed to sign an authorization which would allow the institutional account officer to deduct a partial filing fee, it is respectfully recommended that this action be dismissed without prejudice. The Plaintiff should be permitted to re-file this action within the applicable statute of limitations period by paying the full filing fee of $350.00 or filing a motion to re-open together with a signed authorization permitting the withdrawal of inmate account funds.

### II. REPORT

The Plaintiff, Randy Cramer, an inmate confined under judgment of sentence at S.C.I. Greensburg, Greensburg, Pennsylvania, filed this lawsuit under the Civil Rights Act of 1871, 42 U.S.C. §1983, against Lenny Trinclisti, Warden John Walton, Deputy Warden Mr. Conar and the Board of Commissioners, who are the Defendants in this action. Together with the Complaint, the Plaintiff filed an application for leave to proceed in forma pauperis.

The Prison Litigation Reform Act of 1996, 28 U.S.C. §1915(b) as amended April 26, 1996, requires that prisoners who cannot pay the full filing fee immediately, submit an initial partial filing fee and the balance in installment payments. Consistent with that Act, the court entered an Order, (Doc. 2), on July 19, 2006, that did the following:

1. Computed the proper initial partial filing fee and informed the plaintiff of that amount;

2. Directed the plaintiff to either:

    a. sign an authorization which would allow the institutional account officer to deduct the partial filing fee and pay it into the court; or

    b. sign a form indicating that, whether for financial reasons or otherwise, he chose to withdraw the action;

3. Instructed the Plaintiff to return the signed authorization or notice of withdrawal within twenty days.

The Plaintiff has not returned a signed notice of the withdrawal of this action. Neither has he returned a signed authorization which would allow the institutional account officer to deduct the partial filing fee and pay it into court.

The Plaintiff's refusal to comply with the directions contained in the Court's July 19, 2006, order makes it impossible for the court to comply with Congress' amendments to the law regulating the manner in which in forma pauperis prison litigation is to be administered. Because the Plaintiff has not complied with this court's order, it must be concluded that he no longer desires to maintain this action.

It is respectfully recommended that this action be dismissed, without prejudice. The Plaintiff should be permitted to re-file this action within the applicable statute of limitations period either by paying the full filing fee of $350.00 or filing a motion to re-open together with a signed authorization permitting the withdrawal of inmate account funds.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by February 10, 2005.

October 3, 2006

*Lisa Pupo Lenihan*
U.S. Magistrate Judge

cc:   Randy Cramer
      258-05
      3000 S. Grande Blvd
      Greensburg, PA  15601